SAMUEL BAKER *vs.* CHARLES MITCHELL.

*Mutual account. Statute of limitations.*

Where the two items on the debit side of an account annexed to a writ as proved, were dated October, 1860, and Nov. 20, 1867, respectively, while upon the credit side there was a single item of a certain number of cords of wood, proved by the plaintiff to have been delivered by the defendant in the fall of 1862, *Held,* that under c. 117 of the Pub. Laws of 1867 (R. S. c. 81, § 84), the cause of action accrued at the date of the last item proved.

ON EXCEPTIONS to the ruling of *Goddard*, J., of the superior court for this county.

ASSUMPSIT on account annexed to the writ, the items were as follows :

| | |
|---|---|
| 1860, Oct. To one white mare, sold and delivered to him, to be paid for in wood, in 1861, | $85.00 |
| 1867, Nov. 20. To 4 feet of wood, | 4.00 |
| | $89.00 |

CONTRA, CR.

| | |
|---|---|
| 1862. By 12½ cords of wood, | $43.75 |
| Balance due, | $45.25 |

It was proved that the wood credited was delivered by the defendant to the plaintiff in the fall of 1862; that the plaintiff's charges were correct, and that there had been no settlement between the parties.

The presiding justice ruled, *pro forma,* that all the items except the last were barred by the statute of limitations, as amended by c. 117 of the Public Laws of 1867 (R. S. c. 81, § 84). And thereupon the plaintiff alleged exceptions.

*B. Freeman,* for the plaintiff.

*W. H. Vinton,* for the defendant.

APPLETON, C. J.  It was decided in *Theobald* v. *Stinson*, 38 Maine, 139, and in *Dyer* v. *Walker*, 51 Maine, 104, that mutual accounts within the meaning of R. S. 1857, c. 81, § 99, are those where each party makes charges against the other for property sold, services rendered, money advanced, etc.   If the account is kept by one party alone, there is no mutuality.

In 1867, by an act approved February 28th, c. 117, an amendment was made to R. S. c. 81, § 99, so that the section with the amendment now reads as follows: "In all actions of debt or assumpsit to recover the balance due upon a mutual and open account, the cause of action shall be deemed to accrue at the time of the last item proved in such account; and it shall be deemed a mutual and open account current, when there have been mutual dealings between the parties, the items of which are unsettled, whether kept or proved by one party or both."

It was held in *Davis* v. *Smith*, 4 Greenl. 337, that where there are mutual dealings between the parties, if there be items on both sides within six years, the statute of limitations does not attach to those of an earlier date.   "Where mutual promises are relied upon to repel the operation of the statute, it is," remarks Weston, J., "upon the principle of a new promise, of which the acknowledgment of an unsettled account, implied from new items of credit within six years, is evidence."

According to the evidence, as stated in the exceptions, the wood credited on the plaintiff's account was delivered in 1862.   There is no interval of six years between the debts and credits of the parties.   The statute makes it immaterial whether the items of debt and credit are "kept or proved by one party or the other."

*Exceptions sustained.*

CUTTING, WALTON, BARROWS, and TAPLEY, JJ., concurred.